UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>FRANCISCO COLORADO CESSA(6) )<br>)<br>)<br>Defendant ) | CRIMINAL NO. A-12-CR-210 |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 16

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the United States of America, by and through the United States Attorney for the Western District of Texas, and opposes Defendant's Motion to Exclude Evidence Pursuant to Rule 16, and would show the Court as follows:

### I. FACTS

On March 26, 2013, the Government interviewed a prospective witness in this case in Warsaw, VA. The witness was involved in another criminal matter in the District Court for the District of Columbia. Present at this interview was the DEA agent for that case, Special Agent (SA) A. Lewis. After questioning of the witness, SA Lewis identified a possible Title III wiretap authorization that other agents in the Houston Field Officer submitted involving Ramiro Villareal. Contrary to Defendant Colorado's assumption in paragraph 2 of his motion and unknown to him, SA Lewis has never been involved in the investigation of this case in the Western District of Texas.

While the defendant is correct in stating that the Government was aware of Ramiro Villareal's involvement, to state that he was a target is inaccurate. Mr. Villareal was murdered

by members of Los Zetas in early 2011. Any active investigation identifying Mr. Villareal as a target by law enforcement in either the Southern District of Texas or the Western District of Texas terminated at that moment. The Government indicted this case in April 2012.

The Defendant also appears to make the claim that another Defendant has alleged one of these calls to be *Brady* material thus triggering the Government's *Brady* obligations across the executive branch. The Government contends that all the calls identified to the Defendants are inculpatory in nature and the Government has identified no *Brady* material in these intercepts. A close reading of the call referenced by the Defendant in paragraph 7 of his motion reveals that the organization was using Jose Trevino to place assets in his name because of his lack of obvious affiliation to Los Zetas thus providing a layer of concealment rather than confirming his non-involvement.

As stated in an earlier motion, the Government was provided the line sheets on March 29, 2013 and promptly disclosed them on the morning of March 30, 2013. These line sheets comprise the rough translations of the intercepted calls at or near the time that they were made. As the Government as done with every item of electronic discovery in this case, we have copied it and delivered it via FedEx to the attorneys in diverse locations rather than have them travel to Austin to view items. Like all of the other materials, these line sheets are in a searchable .pdf format. Thus, entering the term "colorado" or "pancho" or "horses" will quickly identify those calls that are pertinent. The Government was able to identify 14 possible calls in a period of two days using this method that was then provided to the Defendants on April 2, 2013.

The Defendant's claim that there is in excess of 5000 sessions listed, while factually accurate, simply and bluntly overstated the material provided. Even a cursory review of the line

sheets reveals that well in excess of 50% of the sessions reflect no call.  Of those remaining, the majority are approximately1 to 2 minutes long.  (Please see line sheets as Attachment A)

The calls and affidavits were provided on April 4, 2013 and as of April 6, 2013, the Defendants were provided with the draft translations by a certified interpreter of all the calls the government intended to use and the representation that the Government would not introduce the telephone intercepts during the first week of trial. Thus, the Defendant will have a minimum of two and a half weeks to review these materials with the three attorneys appearing on behalf of the Defendant in this case.

The Defendant is well aware of the level, role and extent of Ramiro Villareal's involvement. As admitted to in his motion, the Defendant is well aware of the nature and extent of Mr. Ramiro Villareal's involvement in this case.  In addition to the Indictment in this case, other records provided to the Defendant since August 2012 detail the extent of Mr. Villareal's participation in the American Quarterhorse Industry.

## II. ARGUMENT

Rule 16(c) of the Federal Rules of Criminal Procedure provide:

**(c) Continuing Duty to Disclose.** A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if:
>  **(1)** the evidence or material is subject to discovery or inspection under this rule; and
>  **(2)** the other party previously requested, or the court ordered, its production.

The Government contends that it has fulfilled its continuing duty to disclose evidence as it becomes available. The Defendant has in excess of two weeks to review and prepare for the 14 calls that the Government intends to use.

The Defendant cites *United States v. Davis* for the proposition that exclusion is the remedy. *Davis* involved disclosure of evidence of which the Government was previously aware, belatedly tested, and disclosed two days prior to trial. The Court there also held that the Government failed to provide a satisfactory explanation for the delayed production. 244 F.3d 666 (8th Cir. 2001). Those are not the facts here. The Defendant has, at the minimum, eighteen days, to review the material, the subject matter of which he should already be familiar based on other, previously provided evidence.

The Government agrees that the district court has the power to remedy a party's failure to comply with discovery and broad discretion in fashioning a remedy. *United States v. Sarcinelli,* 667 F.2d 5 (5th Cir.1982). In exercising this discretion, the district court should consider factors such as the reasons why disclosure was not made, the prejudice to the opposing party, the feasibility of rectifying that prejudice by granting a continuance, and other relevant circumstances. *Id.* at 6-7. "This means that the court should impose the least severe sanction that will accomplish the desired result-prompt and full compliance with the court's discovery order." *Id.*

It is the Government's contention that the Court's discovery order and Rule 16 have been complied with thus no sanction is required. The Defendant has not adequately demonstrated that an eighteen day period is insufficient given the number and nature of the calls and the ability to rapidly search for content.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that the Defendant's motion be denied.

                                              Respectfully submitted,

                                              ROBERT PITMAN
                                              UNITED STATES ATTORNEY

                                By:  /s/ Douglas W. Gardner
                                              _____
                                              DOUGLAS W. GARDNER
                                              Assistant U.S. Attorney
                                              816 Congress Avenue, Suite 1000
                                              Austin, TX 79701
                                              (512) 916-5858

## CERTIFICATE OF SERVICE

     I certify that a copy of the above Government's Response to Defendant's Motion to Exclude Evidence has been delivered on this 11th day of April, 2013, to the following:

Mike Deguerin
Attorney at Law


                                              /s/ Douglas W. Gardner
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**   ) | |
| )  | |
| **Plaintiff**   ) | |
| v.   ) | **CRIMINAL NO. A-12-CR-210** |
| )  | |
| **FRANCISCO COLORADO CESSA(6)**   ) | |
| )  | |
| )  | |
| **Defendant**   ) | |

**O R D E R**

CAME ON to be considered the Motion of the Defendant for Exclusion of Evidence Pursuant to Rule 16, and the Court having considered said motion and evidence hereby DENIES the said Motion.

SIGNED, this _____ day of _____, 2013.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE