IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Criminal No. A-12-CR-210-SS |
| | § | |
| JOSE TREVINO-MORALES (3), | § | |
| FRANCISCO ANTONIO COLORADO CESSA (6), | § | |
| FERNANDO SOLIS GARCIA (7), | § | |
| EUSEVIO MALDONADO HUITRON (11), and | § | |
| JESUS MALDONADO HUITRON (18). | § | |
| Defendants. | § | |

## UNITED STATES' TRIAL BRIEF ON ASSET FORFEITURE ISSUES

NOW COMES the United States of America, by and through the U.S. Attorney for the Western District of Texas, and submits this Trial Brief on Asset Forfeiture Issues. In support thereof, the Government provides the following:

### I. INTRODUCTION

Out of an abundance of caution and to assist the Court and Defendants' counsel in preparation for the upcoming trial, the Government provides this memorandum on the procedures governing the forfeiture of property in a criminal case.

### II. APPLICABLE LAW

Federal Rule of Criminal Procedure 32.2 governs the limited right to a jury trial in criminal cases on forfeiture matters. In pertinent part, Rule 32.2 provides the following:

> **(a) Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or

information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

**(b) Entering a Preliminary Order of Forfeiture.**

    **(1) Forfeiture Phase of the Trial.**

        **(A) Forfeiture Determinations.**  As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

        **(B) Evidence and Hearing.**  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

* * * * *

    **(5) Jury Determination.**

        **(A) Retaining the Jury.**  In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

        **(B) Special Verdict Form.**  If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

* * * * *

## III.  BRIEF ON TRIAL PROCEDURES FOR FORFEITURE OF PROPERTY IN A CRIMINAL CASE

In the event that any of the Defendants are found guilty of Count One of the Superseding Indictment, the Government will be seeking the forfeiture of Sixty Million Dollars ($60,000,000.00) in the form of a money judgment and the forfeiture of a list of specific assets, including quarter horses, breeding interest, currency, real property, and farm and ranch equipment.[1]

**A.     Bifurcation.**

Pursuant to Rule 32.2(b)(1), the criminal trial must be bifurcated into guilt and forfeiture phases.  In other words, the forfeiture issues are not to be considered unless and until the jury returns a guilty verdict on Count One of the Superseding Indictment.

**B.     Retaining the Jury.**

Generally, the forfeiture determination is made by the court, not the jury.  *See* FED. R. CRIM. P. 32.2(b)(1).  The parties, however, have a limited right to retain the jury to determine forfeiture when the Government is seeking the forfeiture of specific assets.  FED. R. CRIM. P. 32.2(b)(5)(A).[2]

To invoke this limited right, the party seeking to have the jury retained **must affirmatively assert** that right before the jury is excused, or else it will be waived.  FED. R. CRIM. P. 32.2(b)(5)(A) (providing that "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific

---

[1] The specific assets are listed in detail in the Notice of Demand for Forfeiture contained in the Superseding Indictment (*see* Clerk's Doc. #269 at pp. 21-47) and in the three Bills of Particulars that the Government has previously filed in this case.  (*See* Clerk's Doc. #105, 169, 240).

[2] As a practical matter, in the majority of cases, the parties waive the right to retain the jury and submit the forfeiture issues to the court.

property…") (emphasis added).   As explained in the Advisory Committee Notes, the purpose of the Rule's provision is to allow the Court and the jurors to plan their calendars and to allow the Government time to prepare the special verdict forms and jury instructions, or conversely, to save the Court and the Government the resources that would be wasted in making such preparations if the defendant intends to waive the jury.   *See* FED. R. CRIM. P. 32.2(b)(5)(A) advisory committee's note (2009).[3]   If a defendant fails to make a timely request to have the jury retained, his right to do so is waived.   *See United States v. Nichols*, 429 F.App'x 355, 356 (4th Cir. 2011) (per curiam) (noting that "although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right"); *United States v. Davis*, 177 F.Supp.2d 470, 481-83 (E.D. Va 2001), *aff'd*, 63 F.App'x 76, 81 (4th Cir. 2003).

## C.    Issue for Jury.

The right to a jury trial is limited to a jury determination on only one issue:    whether the Government has established the requisite nexus between the property and the criminal offense on which the defendant has been convicted.   FED. R. CRIM. P. 32.2(b)(5)(B).

The limited right to have the jury determine forfeiture applies only to specific assets that the Government alleges to have been directly involved in, or traceable to, the offenses giving rise to the forfeiture.   *See* FED. R. CRIM. P. 32.2(b)(5)(A) (providing that a jury may be retained "to determine the forfeitability of *specific property* if it returns a jury verdict") (emphasis added). There is no right to have the jury determine the amount of a money judgment that the defendant

---

[3] The Advisory Committee Note provides, in pertinent part, as follows:

> Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled.   This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of their service.

will be ordered to pay. *See United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2(b) is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment); *accord United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011).

Further, in the event that the directly forfeitable property is insufficient to satisfy the amount of the money judgment, the Government is entitled to the forfeiture of any other property of the defendant as substitute assets pursuant to 21 U.S.C. § 853(p). The forfeiture of substitute assets is mandatory, and there is no right to have a jury determine the forfeitability of substitute assets. *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). Finally, because the substitute assets may include *any* property of the defendant, they may include property that the jury has declined to find as directly involved in, or traceable to, the offense for which the defendant was convicted. *See United States v. Bryson*, 105 F.App'x 470, 475 (4th Cir. 2004) (defendant cannot object to the forfeiture of a substitute asset on the ground that it was not traceable to the offense).

**D.      Burden of Proof is the Preponderance of Evidence Standard.**

During the forfeiture trial, the Government has the burden of proving the forfeitability of the property by a preponderance of the evidence. *Libretti v. United States*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"); *United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003) (holding that "statutorily-prescribed forfeiture is warranted upon a showing of a preponderance of the evidence").

## IV. <u>CONCLUSION</u>

ACCORDINGLY, at the appropriate time in this case, the Government will be asking the Court to enter a money judgment in the amount of Sixty Million Dollars ($60,000,000.00) and will be prepared to establish the forfeitability of the specified assets by a preponderance of the evidence to either the Court or the Jury.

        Respectfully submitted,

        ROBERT PITMAN
        UNITED STATES ATTORNEY

        DIANA CRUZ-ZAPATA
        Texas Bar No. 05196800
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Tel:  (210) 384-7040
        Fax: (210) 384-7045

By:   __/s/_____
        DANIEL M. CASTILLO
        Texas Bar No. 00793481
        816 Congress Avenue, Suite 1000
        Austin, Texas 78701
        Tel:  (512) 916-5858
        Fax: (512) 916-5854

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Attorney for Defendant<br>    Jose Trevino Morales (3) | David M. Finn<br>Milner & Finn<br>2828 N. Harwood Street<br>    Suite 1950, LB9<br>Dallas, TX    75201<br><br>Christie Williams<br>Mills & Williams, L.L.P.<br>1112 South Rock Street<br>Georgetown, TX    78626 |
| Attorneys for Defendant<br>    Francisco Antonio Colorado Cessa (6) | Mike DeGuerin or<br>    M. Andres Sanchez-Ross<br>Foreman, DeGeurin & DeGeurin<br>300 Main Street, 3rd Floor<br>Houston, TX    77002<br><br>John Parras<br>1018 Preston, Floor 2<br>Houston, TX 77002 |
| Attorneys for Defendant<br>    Fernando Solis Garcia (7) | Guy L. Womack or Geoff L. Womack<br>Guy L. Womack & Associates, PC<br>402 Main Street, Suite 6 North<br>Houston, TX    77002 |
| Attorney for Defendant<br>    Eusevio Maldonado Huitron (11) | Richard D. Esper<br>Esper Law Office<br>801 N. El Paso Street, 2nd Floor<br>El Paso, TX    79902 |
| Attorney for Defendant<br>    Jesus Maldonado Huitron (18) | Thomas Brent Mayr<br>Law Office of Brent Mayr, PC<br>4101 Washington Ave., 2nd Floor<br>Houston, TX    77007 |

 _/s/_____
 DANIEL CASTILLO
 Assistant United States Attorney