IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. A-12-CR-210-DEW |
| | § | |
| (6) FRANCISCO ANTONIO | § | |
| COLORADO CESSA, | § | |
| Defendant. | § | |

**UNITED STATES' SECOND TRIAL BRIEF ON ASSET FORFEITURE ISSUES**

TO THE HONORABLE DONALD E. WALTER, UNITED STATES DISTRICT JUDGE:

NOW COMES the United States of America, by and through the U.S. Attorney for the Western District of Texas, and submits this Second Trial Brief on Asset Forfeiture Issues.[1] In support thereof, the Government provides the following:

## I. INTRODUCTION

Out of an abundance of caution and to assist the Court and Defendant's counsel in preparation for the upcoming trial, the Government provides this memorandum on the procedures governing the forfeiture of property in a criminal case.

## II. APPLICABLE LAW

Federal Rule of Criminal Procedure 32.2 governs the limited right to a jury trial in criminal cases on forfeiture matters. In pertinent part, Rule 32.2 provides the following:

> **(a) Notice to the Defendant.** A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any

---

[1] On April 12, 2013, the Government previously filed a Trial Brief on Asset Forfeiture Issues prior to the trial that began on April 15, 2013, of Defendants Jose Trevino Morales (3), Francisco Antonio Colorado Cessa (6), Fernando Solis Garcia (7), Eusevio Maldonado Huitron (11), and Jesus Maldonado Huitron (18). (Doc. #502).

sentence in accordance with the applicable statute.  The notice should not be designated as a count of the indictment or information.  The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

**(b) Entering a Preliminary Order of Forfeiture.**
    **(1) Forfeiture Phase of the Trial.**
        **(A) Forfeiture Determinations.**  As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
        **(B) Evidence and Hearing.**  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

* * * * *

    **(5) Jury Determination.**
        **(A) Retaining the Jury.**  In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.
        **(B) Special Verdict Form.**  If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

* * * * *

### III.   BRIEF ON TRIAL PROCEDURES FOR
### FORFEITURE OF PROPERTY IN A CRIMINAL CASE

In the event that Defendant is found guilty of Count One of the Second Superseding Indictment, the Government will be seeking the forfeiture of Sixty Million Dollars ($60,000,000.00) in the form of a money judgment and the forfeiture of a list of specific assets, including bank and business accounts, aircrafts, and quarter horses.[2]

**A.   Bifurcation.**

Pursuant to Rule 32.2(b)(1), the criminal trial must be bifurcated into guilt and forfeiture phases.  In other words, the forfeiture issues are not to be considered unless and until the jury returns a guilty verdict.  *See United States v. Cantu,* 167 F.3d 198, 207 (5th Cir. 1999), *quoting United States v. Cauble,* 706 F.2d 1322, 1347 (5th Cir. 1983) ("the forfeiture issue should be withheld from [the jurors] until after they have returned a general verdict").

**B.   Retaining the Jury.**

Generally, the forfeiture determination is made by the court, not the jury.  *See* FED. R. CRIM. P. 32.2(b)(1).  The parties, however, have a limited right to retain the jury to determine forfeiture when the Government is seeking the forfeiture of specific assets.  FED. R. CRIM. P. 32.2(b)(5)(A).[3]

To invoke this limited right, the party seeking to have the jury retained **must affirmatively assert** that right before the jury is excused, or else it will be waived.  FED. R. CRIM. P. 32.2(b)(5)(A) (providing that "the court must determine *before the jury begins deliberating*

---

[2] The specific assets are identified in the Notice of Demand for Forfeiture contained in the Second Superseding Indictment.   (Doc. #859 at 16-19).

[3] As a practical matter, in the majority of cases, the parties waive the right to retain the jury and submit the forfeiture issues to the court.

whether either party requests that the jury be retained to determine the forfeitability of specific property…") (emphasis added); *see also United States v. Hively,* 437 F.3d 752, 763 (8th Cir. 2006) (explaining that "a party is entitled to a jury determination under Rule 32.2(b) if one is requested").

As explained in the Advisory Committee Notes, the purpose of the Rule's provision is to allow the Court and the jurors to plan their calendars and to allow the Government time to prepare the special verdict forms and jury instructions, or conversely, to save the Court and the Government the resources that would be wasted in making such preparations if the defendant intends to waive the jury.   *See* FED. R. CRIM. P. 32.2(b)(5)(A) advisory committee's note (2009).[4] If a defendant fails to make a timely request to have the jury retained, his right to do so is waived. *See United States v. Nichols*, 429 F.App'x 355, 356 (4th Cir. 2011) (per curiam) (noting that "although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right"); *United States v. Davis*, 177 F.Supp.2d 470, 481-83 (E.D. Va 2001), *aff'd*, 63 F.App'x 76, 82 (4th Cir. 2003).

## C.     Issue for Jury.

The right to a jury trial is limited to a jury determination on only one issue:     whether the Government has established the requisite nexus between the property and the criminal offense on which the defendant has been convicted.   FED. R. CRIM. P. 32.2(b)(5)(B).

The limited right to have the jury determine forfeiture applies only to specific assets that the Government alleges to have been directly involved in, or traceable to, the offenses giving rise

---

[4] The Advisory Committee Note provides, in pertinent part, as follows:

> Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled.   This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of their service.

to the forfeiture. *See* FED. R. CRIM. P. 32.2(b)(5)(A) (providing that a jury may be retained "to determine the forfeitability of *specific property* if it returns a jury verdict") (emphasis added). There is no right to have the jury determine the amount of a money judgment that the defendant will be ordered to pay. *See United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2(b) is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment); *accord United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011); *United States v. Phillips,* 704 F.3d 754, 771 (9th Cir. 2012).

Further, in the event that the directly forfeitable property is insufficient to satisfy the amount of the money judgment, the Government is entitled to the forfeiture of any other property of the defendant as substitute assets pursuant to 21 U.S.C. § 853(p). The forfeiture of substitute assets is mandatory, and there is no right to have a jury determine the forfeitability of substitute assets. *United States v. Alamoudi*, 452 F.3d 310, 314-15 (4th Cir. 2006). Finally, because the substitute assets may include *any* property of the defendant, they may include property that the jury has declined to find as directly involved in, or traceable to, the offense for which the defendant was convicted. *See United States v. Bryson*, 105 F.App'x 470, 475 (4th Cir. 2004) (defendant cannot object to the forfeiture of a substitute asset on the ground that it was not traceable to the offense).

**D.     Burden of Proof is the Preponderance of Evidence Standard.**

During the forfeiture trial, the Government has the burden of proving the forfeitability of the property by a preponderance of the evidence. *United States v. Gasanova*, 332 F.3d 297, 301

(5th Cir. 2003) (holding that "statutorily-prescribed forfeiture is warranted upon a showing of a preponderance of the evidence").

## IV.  CONCLUSION

ACCORDINGLY, at the appropriate time in this case, the Government will be asking the Court to enter a money judgment in the amount of Sixty Million Dollars ($60,000,000.00) and will be prepared to establish, by a preponderance of the evidence, the forfeitability of the property specified in the Second Superseding Indictment to either the Court or the Jury.

Respectfully submitted,

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

DIANA CRUZ-ZAPATA
Texas Bar No. 05196800
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel:   (210) 384-7040
Fax: (210) 384-7045

By:   */s/ Daniel M. Castillo*
DANIEL M. CASTILLO
Texas Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel:   (512) 916-5858
Fax: (512) 916-5854

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| Attorneys for Defendant Francisco Antonio Colorado Cessa (6) | Charles Flood or Chris Flood<br>Flood & Flood<br>914 Preston, Suite 800<br>Houston, TX    77002-1832<br><br>John D. Cline<br>Law Office of John D. Cline<br>235 Montgomery St., Suite 1070<br>San Francisco, CA    94104 |
|---|---|

*/s/ Daniel M. Castillo*
DANIEL CASTILLO
Assistant United States Attorney